```
UNITED STATES DISTRICT COURT                           NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUDY V. HENDRY,

                     Petitioner,

       -against-                                        MEMORANDUM AND ORDER
                                                        05-CV-4398 (ARR)
UNITED STATES OF AMERICA,

                     Respondent.
-----------------------------------------------------------X
```
ROSS, United States District Judge.

On August 26, 2005, Rudy Hendry, presently detained at the Metropolitan Detention Center ("MDC"), filed the instant form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. On September 23, 2005, petitioner filed an amended petition that appears to be an exact duplicate of his August 26, 2005 petition. The Court liberally construes the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and, for the reasons discussed below, directs petitioner to file a second amended petition within 30 days from the date of this order.

## BACKGROUND

Petitioner states that he was convicted in the Superior Court of the District of Columbia for Attempted Possession With Intent to Distribute Cocaine and was sentenced to a term of nine years. Petitioner does not provide the date of his conviction. It appears that while petitioner was on parole from that conviction, he was arrested and his parole was revoked. Petitioner appears to be challenging his parole revocation and a proposal from the parole commission, dated August 3, 2005, not his underlying conviction. In fact, petitioner states that "my motion has nothing to do with my conviction. This motion is only in regards to the wrongful and unjust actions of the U.S. parole

1

commission as of this year 2005 in my case. Thier [sic] action of attempting to circumvent thier [sic] own guidelines is unlawful and not legal." Pet. at p. 4. Petitioner further states that "[t]he parole commission has past thier [sic] date to grant me a revocation hearing and I am still imprisoned." Pet. at p. 2. Petitioner does not provide any facts pertaining to when, where or why his parole was revoked. It is also unclear why petitioner is currently detained at the MDC. Petitioner seeks for this court to "order my release and return to supervision." Pet. at p. 4.

## DISCUSSSION

The Supreme Court has held that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979). However, it appears that here, petitioner is challenging the revocation of his prior parole status and, "once a State grants a prisoner the conditional liberty properly dependent on the observance of special parole restrictions, due process protections attach to the decision to revoke parole." Vitek v. Jones, 445 U.S. 480, 488 (1980) (citing Morrissey v. Brewer, 408 U.S. 471 (1972)).

In Morrissey, the Supreme Court found "that the liberty of a parolee . . . is valuable and must be seen as within the protection of the Fourteenth Amendment." Morrissey, 408 U.S. at 482. The Court in Morrissey also acknowledged that there are usually two steps in the parole revocation process. The first stage is when the parolee is arrested and detained and the second stage occurs when parole is formally revoked. Id. at 485. The Morrissey court stated that "[t]here is typically a substantial time lag between the arrest and the eventual determination by the parole board whether parole should be revoked." Id. The Court determined that after arrest the parolee should be granted a "'preliminary hearing' to determine whether there is probable cause or reasonable ground to

believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." Id.

Subsequent to the preliminary hearing a parolee is entitled to another hearing prior to the final decision on parole revocation. At this hearing, "[t]he parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Id. at 488. The Supreme Court also determined that this final revocation hearing must be held "within a reasonable time after the parolee is taken into custody," such as a two month period. Id.

The Supreme Court also laid out what minimum due process rights are to be given the parolee. They include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Morrissey, 408 U.S. at 489.

In the instant petition, petitioner does not state when, where or why his parole was revoked and petitioner fails to state what procedural process he has received. Therefore, petitioner is directed to file a second amended petition within 30 days from the date of this order. Petitioner shall set forth detailed information including the date, location and reason for his parole violation arrest, the date of his preliminary parole revocation hearing, and the dates of any other hearings pertaining to his parole revocation. Petitioner may attach, if available, a copy of the August 3, 2005 parole

commission proposal petitioner refers to and any other documents related to his parole revocation, to his petition.

No response shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed.

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
November 16, 2005