FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUN 29 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

RUDY HENDRY,

                     Petitioner,

  -against-

UNITED STATES OF AMERICA,

                     Respondent.

-------------------------------------------------------------- X

05 CV 4398 (ARR)

NOT FOR ELECTRONIC
OR PRINT
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

The pro se petitioner Rudy Hendry ("Hendry" or "petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 26, 2005. Hendry seeks release from custody on the grounds that the United States Parole Commission ("Commission") violated his right to due process by failing to give him a timely revocation hearing pursuant to 28 C.F.R. § 2.102(f). For the reasons stated below, the court denies the instant petition for a writ of habeas corpus.

## BACKGROUND

On November 17, 1994, petitioner was convicted of the offense of attempted possession with intent to distribute cocaine in District of Columbia Superior Court. (Gov't Ex. B, "D.C. Court Judgment.") The court sentenced him to two-and-a-half to nine years' imprisonment. (Id.) On June 24, 2000, after an initial parole hearing, the Commission ordered petitioner released from custody and placed on parole effective November 21, 2000. (Gov't Ex. E, "Notice of Action 6/24/2000.") On February 5, 2001, petitioner's parole was

1

transferred from the District of Columbia to the Eastern District of New York. (Gov't Ex. F, "Parole Certificate 2/5/2001.")

On August 28, 2003, the Commission issued a warrant for petitioner's arrest based on information provided by petitioner's probation officer indicating that petitioner had violated the conditions of his parole. (Gov't Ex. H, "Arrest Warrant 8/28/2003.") On January 2, 2004, the Commissioner revoked petitioner's parole pursuant to an expedited revocation agreement, in which petitioner waived his right to a final revocation hearing. (Gov't Ex. I, "Expedited Revocation.") As a result of the revocation, petitioner forfeited the time he had spent under parole supervision and was ordered to spend an additional eight months in custody. (Id.) On June 23, 2004, petitioner was released on parole until the expiration date of August 22, 2008. (Gov't Ex. J at 2, "Parole Certificate 6/9/2004.")

On March 14, 2005, petitioner's probation officer reported that petitioner had violated the conditions of his confinement by failing to provide notification of his change of address, using illegal drugs, and failing to abide by a special condition for drug treatment. (Gov't Ex. K at 2-3, "Probation Report 3/9/2005.") On March 16, 2005, the Commission issued a warrant to assume custody of petitioner. (Gov't Ex. L, "Arrest Warrant 3/16/2005.") On May 11, 2005, petitioner was arrested by the New York City Police Department for allegedly possessing crack cocaine and drug paraphernalia. (Gov't Ex. M at 1, "Probation Report 5/19/2005.") On May 13, 2005, after his arraignment the previous day, petitioner pled guilty to one charge of disorderly conduct and was sentenced to time served. (Id.) The Commissioner amended the warrant issued on March 16, 2005 to include the recent state court conviction. (Gov't Ex. N at 2.)

2

Following his conviction on the state charge, petitioner was taken into federal custody pursuant to the parole violation arrest warrant issued on March 16, 2005. (Gov't Ex. M at 1.) On November 1, 2005, the Commission held a final revocation hearing with regard to petitioner's case and, subsequently, revoked petitioner's parole. (Gov't Ex. R at 1, "Notice of Action 11/23/05.") The Commission based its revocation decision on petitioner's own admissions that he used illegal drugs, failed to report the change in his residence, and failed to seek drug rehabilitation, all in violation of the conditions of his parole. (Id.) The Commission also found that petitioner violated the conditions of his parole based on his disorderly conduct conviction in state court.[1] (Id.) In addition to revoking petitioner's parole, the Commission held that petitioner forfeited any time previously spent on parole and that petitioner must spend 12 months in custody. (Id.)

On August 26, 2005, several months before his final revocation hearing, petitioner filed the instant action seeking habeas corpus relief for the Commission's failure to grant him a timely revocation hearing.

## DISCUSSION

Petitioner claims that he was denied due process with respect to his parole revocation because the Commission failed to grant him a timely hearing. Respondent argues that petitioner has failed to show the prejudice or bad faith required to warrant habeas relief on such a claim. The court agrees that petitioner has failed to demonstrate that the Commission

---

[1] The Commission made no findings concerning the charges that petitioner violated the law by possessing a controlled substance and using drug paraphernalia due to insufficient evidence. (Gov't Ex. R at 1.)

3

violated his due process right to a timely hearing and, thus, concludes that his claim is meritless.

As a general matter, the Supreme Court has held that due process in the parole revocation context requires

> an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody.

Morrissey v. Brewer, 408 U.S. 471, 487-88 (1972). Under its own regulations, the Commission is required to hold an institutional revocation hearing within ninety days of a parolee's arrest.[2] 28 C.F.R. § 2.102(f).

In the instant case, the record shows that the Commission held petitioner's revocation hearing on November 1, 2005, almost six months after his arrest on May 13, 2005. (See Gov't Ex. Q at 1, "Hearing Summary.") Clearly, the hearing was held well past the ninety-day deadline mandated by the Commission's regulations. In fact, it is undisputed that the Commission did not conduct a timely revocation hearing as mandated by its own regulations. (See Gov't Mem. at 6.) However, the mere fact of delay, on its own, is insufficient to establish

---

[2] The Commission is required to hold a local revocation hearing within sixty-five days of a parolee's arrest, if the parolee has not been convicted of a crime while under supervision and denies all charges against him. 28 C.F.R. § 2.102(a) and (f). According to the government, a local revocation hearing was not available to petitioner because he had been convicted of disorderly conduct based on his guilty plea. (See Gov't Mem. at 5-6 n.4.) Petitioner has not challenged the government's assertion and, in any event, the revocation hearing was untimely under either scenario.

a due process violation. Petitioner must also show that the delay was "unreasonable and prejudicial." Heath v. United States Parole Comm'n, 788 F.2d 85, 89-90 (2d Cir. 1986).[3] Even assuming that the six-month delay was unreasonable, petitioner has failed to allege, much less demonstrate, that the delay prejudiced him in any way. The decision to revoke petitioner's parole was solely based on his conviction for disorderly conduct and the admissions he made on the date of the hearing with regard to his use of illegal drugs, his failure to report his change of address, and his failure to comply with the drug aftercare special condition. Thus, the Commissioner based its revocation decision on evidence relating to petitioner's conduct prior to his arrest for the parole violation. Moreover, the Commissioner based its revocation decision on uncontested evidence. Petitioner could not contest the disorderly conduct conviction, see Morrissey, 408 U.S. at 490 ("Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime."), and admitted to the remaining violations. In fact, the hearing examiner did not make findings with regard to the state charges of cocaine and drug paraphernalia possession because there was insufficient evidence of those charges. Thus, petitioner cannot establish that he was prejudiced in his ability to fully litigate his case before the hearing examiner. Finally, given that his term of custody was calculated from the date of his parole violation arrest, petitioner has suffered no prejudice in the length of time he has served in custody.

---

[3] Absent such a showing, the appropriate remedy for an untimely hearing is a writ of mandamus to compel a hearing. Heath, 788 F.2d at 89. However, petitioner has received a final revocation hearing since filing the instant petition. Thus, petitioner has received the remedy warranted by the delay and the court need not construe the instant petition as a petition for a writ of mandamus.

While the Commission failed to give petitioner a timely revocation hearing, petitioner has failed to demonstrate that the delay prejudiced him in any way. Accordingly, petitioner is not entitled to habeas relief on this matter. See King v. Hasty, 154 F. Supp. 2d 396, 401 (E.D.N.Y. 2001) (denying petitioner's claim that a thirty-day delay in holding a revocation hearing violated his due process rights because he failed to make a showing that it was unreasonable or prejudiced him).

## CONCLUSION

For the foregoing reasons, the court denies the instant petition for a writ of habeas corpus. The Clerk of the Court is directed to close this case.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: June 27, 2006
      Brooklyn, New York

SERVICE LIST:

<div style="margin-left: 2em;">

<u>*Pro Se* Petitioner</u>
Rudy Hendry
# 16504-076
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

<u>Attorney for Respondent</u>
Jonathan E. Green
U.S. Attorney's Office
One Pierrepont Plaza
Brooklyn, NY 11201

</div>